THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN
STEVENSON, Appellant.

Second Department, July 19, 1965.

*Susan K. Ginsberg* and *Anthony F. Marra* for appellant.

*Aaron E. Koota, District Attorney* (*Harold M. Brown* of
counsel), for respondent.

HILL, J. There is only one issue raised in this appeal, i.e.,
how old was defendant John Stevenson on August 24, 1963?

On that day defendant and three others (not involved here)
allegedly attacked one Joseph Pellegrino in Brooklyn, New
York, "with a dangerous weapon and their hands, clenched
fists and booted feet", and inflicted such serious injury that the
victim died shortly thereafter. Defendant was arraigned in
Supreme Court, Kings County, and pleaded not guilty to an
indictment charging him with the crimes of manslaughter in the
first degree and assault in the second degree (two counts). He
was thereafter permitted to withdraw his plea, and to plead
guilty to the crime of manslaughter in the second degree,
unarmed, in satisfaction of the entire indictment. He was sen-
tenced to Elmira Reception Center for not less than 5 years and
not more than 15 years.

Defendant was born on August 25, 1947. He contends that on
the day of the crime, August 24, 1963, he was not yet 16 years

of age. He urges that because of his age, plus the fact that manslaughter in the second degree, unarmed, is not punishable by death or life imprisonment (Penal Law, §§ 1053, 2186), he is removed from the jurisdiction of the Supreme Court and entitled to treatment as a juvenile offender. He points to section 712 of the Family Court Act, which for our purposes reads as follows: " (a) ' Juvenile delinquent ' means a person over seven and less than sixteen years of age who does any act which, if done by adult, would constitute a crime."

It has long been the law of New York that, absent specific statutory prescription, we follow the common-law rule regarding the computation of age; and, under the common law, a person is deemed to attain a given age on the day *preceding* the anniversary of his birth (*Phelan* v. *Douglass*, 11 How. Prac. 193; *Matter of Bardol*, 253 App. Div. 498, affd. 278 N. Y. 543; 1955 Atty. Gen. 195). Admittedly, the rule arose because the law indulges in a fiction and takes no notice of fractions of a day.

Our courts have applied this common-law rule in several civil controversies but apparently never in any criminal cases. For instance, it was applied in the *Phelan* case (*supra*) to ascertain the exact date upon which a minor attained majority and thereby became " competent " to institute his own legal proceedings. It was applied in *Matter of Bardol* (*supra*) to determine when a legatee reached a certain age and thereby became entitled to receive the proceeds of a trust established for his benefit.

Defendant correctly observes that the common-law rule conflicts with the prevailing popular notion of computing age whereby a person is deemed a year older on the anniversary of his birth and not the day before. This observation in turn helps explain the dearth of criminal case precedent: there is no record of any New York criminal case which hinges solely — as does the instant case — on the one-day difference between the day preceding the anniversary of one's birth and the anniversary itself.

Defendant has cited no authority to show that the common-law rule for computing age has been pre-empted by statute. In *Matter of Bardol* (253 App. Div. 498, 501–502, *supra*) the rule was examined in the light of certain provisions of the General Construction Law. The court there dispelled any doubts as to the rule's continued existence, by stating: " Seemingly no question would arise as to the correctness of this ruling were it not for the provisions of sections 20, 30 and 58 of the General Construction Law. The so-called English common-law rule for computing periods of time here applied has long been adopted as the law of this State. [Citing cases.] The rule to be sure

has been subjected to severe criticism \* \* \* but has not been overturned. While section 58 of the General Construction Law defining a ' year ' as three hundred and sixty-five days and also as twelve months, is by its terms made applicable to the construction of the word ' year ' in private instruments, this at most only makes sections 20 and 30 of the General Construction Law applicable in construing the word ' year '. Neither section 20 nor section 30, however, relates to the computation of a period of time, but only to the construction of the meaning of the number of days within, after or before which an act is authorized, and of the number of months after or before a certain day. *The sections, therefore, are not applicable to the computation of a period of time generally and so it has been held.* [Citations.] *Clearer language than is used in the General Construction Law is* required to change the common-law rule for computing the years contained in the determination of age." (Emphasis added.)

More specifically, defendant has not indicated any authority to show that the common law, as applied to section 712 of the Family Court Act, has been pre-empted by statute. Instead, defendant urges that in view of the nature of the case and the recognized policy of expanding the jurisdiction of the Family Court, the common usage rather than the common law should determine his age.

I do not share defendant's view. Our sister jurisdictions have not hesitated, when necessary, to apply the common-law rule to criminal cases and I see no reason, absent legislative directive, why New York should do otherwise.

One Pennsylvania case, *Commonwealth* v. *Howe* (35 Pa. Super. Ct. 554), is especially pertinent. It involved an appeal by a defendant convicted of rape under a statute designed to protect females '' under the age of sixteen years.'' The Pennsylvania court concluded, *inter alia,* that the victim was 16 years of age on the day before her birthday and that defendant, who had relations with her on that day, could not be convicted of violating the statute. The court devoted a good portion of its well-reasoned opinion to an examination of the common-law rule. The court stated (*supra,* pp. 564–566) : '' The sixteenth anniversary of the birth of Madeline Patterson occurred December 3, 1906. Evidence was offered by the commonwealth showing illicit relations between her and the defendant on the night of December 2, 1906, and the court charged the jury that the defendant might be convicted if he had had such relations with the girl between September 9, 1905 and December 3, 1906. The defendant contends that Madeline Patterson was sixteen years of age on December 2, 1906. The prosecution was brought under

the Act of May 19, 1887, P. L. 128. The persons protected by that act are women and children ' under the age of sixteen years.' The 15th, 16th and 17th assignments of error present the question, *when was Madeline Patterson sixteen years of age?* Numerous authorities hold that a minor attains his majority on the day preceding the twenty-first anniversary of his birth, or on the day preceding the anniversary of birth where a majority is fixed by statute at another age. On that day he may execute a deed or make a will or vote as an elector. If an apprentice, his term of service expires that day and, generally speaking, he may perform all the acts of which he is capable after he has passed his majority, and, as the law recognizes no fractions of a day, this ability exists during the whole of the day preceding the anniversary of birth. In *Bardwell* v. *Purrington*, 107 Mass. 419, it was decided that a person who was born on the eighth day of September, 1852, would become of the full age of twenty-one years if he should live to the seventh day of that month in 1873. To the same effect are *Wells* v. *Wells*, 6 Ind. 447; *State* v. *Clarke*, 3 Harr. 557; *Hamlin* v. *Stevenson*, 4 Dana, 597; *Ross* v. *Morrow*, 85 Texas, 172. Where a statute provided that as to defendants between the ages of nine and thirteen years the burden of proof was on the state to show accountability for crime, the defendant was held to have been thirteen years of age the day preceding the anniversary of his birth: *Linhart* v. *State*, 33 Texas Cr. App. 504. This decision is an exact authority in support of the appellant's position. In *Griffiths's* Case, 1 Kulp, 157, it was held that one who voted on the day preceding the twenty-first anniversary of his birth was a qualified elector. The same rule is stated in *FitzHugh* v. *Dennington*, 6 Mod. 259; 1 Blackstone's Com. 463; 2 Kent's Com. 233; 1 Jarman on Wills (6th ed.), 35. *Our attention has not been called to, nor have we found, any case holding a contrary doctrine.* The subject is discussed in 1 Minor's Inst. 514, and in a comment thereon by Professor Lile in his notes, in both of which the contrary view is taken, but the latter author concedes that the authorities have been against his view for 200 years and that it does not seem possible to shake them. *Such being the state of the law it is reasonable to assume that the act of 1887 was passed with reference thereto* and that it was the purpose to fix the age of consent with regard to a particular day rather than the hour of the birth of the person concerned. *In legal intendment Madeline Patterson was sixteen years of age on December 2, 1906.* It follows that that part of the instruction of the court which permitted the jury to convict the defendant for any act committed on December 2 was erroneous. The 15th, 16th and 17th assignments are sustained." (Emphasis added.)

In summation, I find no merit in defendant's contention that the common-law rule for computation of age should not be applied to the provisions of the Family Court Act. In my opinion, under New York law the defendant was 16 years of age on August 24, 1963. It follows therefore that defendant was properly convicted and sentenced.

CHRIST, J. (dissenting.) The majority opinion adheres to a legal fiction which was embraced in order to aid persons whose ages were being determined and to prevent hardship or loss to such persons. I do not perceive the reasons why this legal fiction should be perpetuated in a situation which invites a reasonable departure from the rule. The majority holds that the defendant was 16 years of age on the day before his 16th birthday. The obvious consequence of its holding is — not to aid the defendant — but to deprive him of the advantages of being treated in the Family Court where special rehabilitative procedures are available, and to thrust him as a fully mature and adult criminal before the court of general criminal jurisdiction.

The irony of the rule that places defendant in his difficulty is that it is based on an exception. Time measurements generally count and include the terminal day in the period under consideration (see, e.g., *H. E. & S. Transp. Corp.* v. *Checker Cab Sales Corp.*, 271 N. Y. 239; General Construction Law, § 20). The legal fiction applied here excludes that day and justifies such computation by counting the actual day of birth (5 ALR 2d 1143). The latter citation points out that the fiction has been criticized.

The most cogent and significant reason for not following the fiction in the present case is the countervailing rule that criminal statutes must be " strictly construed against the party seeking their enforcement and in favor of the person being proceeded against " (*People* v. *O'Neill*, 208 Misc. 24, 25; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 271). While the Family Court Act section at issue here (§ 712) is not strictly a penal or criminal statute, it very much affects the jurisdiction and treatment of criminal acts and offenders; in that respect it ought to be construed most favorably toward " the person proceeded against ", particularly since the very purpose of the statute was to aid " persons less than sixteen years of age."

I am confident that the common understanding of the said section 712 of the Family Court Act is that it means the birth date itself shall control, not some artificial arrangement resulting in the day before the birth date. I am not able to agree, despite the seriousness of the crime charged, that defendant should be treated as a fully mature adult merely because of the application of a legal fiction.

BELDOCK, P. J., UGHETTA and HOPKINS, JJ., concur with HILL, J.; CHRIST, J., dissents and votes to dismiss the indictment and to remand the appellant to the Family Court for appropriate proceedings, in a separate opinion.

Judgment affirmed.