STATE of Minnesota, Appellant,

v.

Tony Luris STANGEL, Respondent.

No. 50177.

Supreme Court of Minnesota.

Aug. 17, 1979.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Jane Prohaska, Spec. Asst. Atty. Gen., St. Paul, Michael T. Milligan, Cass County Atty., Walker, for appellant.

Tupper, Smith, Seck & Mattson and Kimball D. Mattson, Walker, for respondent.

SHERAN, Chief Justice.

This is an appeal by the state, pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court dismissing a criminal prosecution of defendant for aggravated criminal damage to property on the ground that defendant was not yet 18 years old at the time he allegedly committed the offense.[1] The appeal raises the issue of whether the archaic common-law rule—which is that a person reaches his next year in age at the first moment of the day preceding his birthday—should govern in computing a person's age for the purpose of determining juvenile court jurisdiction. The alleged offense was committed on May 8, 1979, and defendant's birth date was May 9, 1961, so most people would say that defendant was not yet 18 when the offense was committed; but under the common-law rule he was 18 at the time of the offense. The district court, in granting the motion to dismiss, refused to apply the common-law rule, stating that the juvenile court had jurisdiction over the offense. We agree with the district court and affirm the dismissal.

The leading case in Minnesota dealing with the issue of computation of age is *Nelson v. Sandkamp*, 227 Minn. 177, 34 N.W.2d 640, 5 A.L.R.2d 1136 (1948). In that case the issue was whether the statute of limitations had run on a personal injury action, and in determining the issue this court had to decide a sub-issue of what day the plaintiff became 21 and his disability as an infant ceased. In concluding that plaintiff actually became 21 on the day before his 21st birthday, the court relied upon the common-law rule that a person reaches his next year in age at the first moment of the day before his birthday. In doing this, the court rejected the argument that Minn.St.

645.15—which provides that generally time shall be computed to exclude the first and include the last day of any fixed period of time—abrogated the common-law rule concerning computation of a person's age.

The district court refused to follow the common-law rule in this case because (a) the common-law rule for determining age is archaic and contrary to both common sense and the general rule of § 645.15, and (b) the Juvenile Court Act, which was not enacted until after the *Sandkamp* case, provides that "The laws relating to juvenile court shall be liberally construed to carry out [the purposes of the act]," a mandate which supports abandoning the common-law rule at least when issues of juvenile court jurisdiction are involved.

The state, while seemingly admitting that the common-law rule for computing age is contrary to common understanding, argues that any rule for computing age is, of necessity, arbitrary and that this court should not try to change a rule that has existed as long as this rule.

A review of the cases annotated at 5 A.L.R.2d 1143, and supplements thereto, reveals that most courts that have been faced with the issue continue to follow the common-law rule, even in juvenile cases. See, e. g., *State in Interest of F. W.*, 130 N.J.Super. 513, 327 A.2d 697 (1974), and *State v. Brown*, 443 S.W.2d 805 (Mo.1969). An exception is *People v. Stevenson*, 17 N.Y.2d 682, 269 N.Y.S.2d 458, 216 N.E.2d 615 (1966), where the New York Court of Appeals adopted without further comment the dissent of the lower court—see, *People v. Stevenson*, 23 A.D.2d 472, 262 N.Y.S.2d 238 (1965)—which argued that in the context of juvenile court jurisdiction the common-law rule should not apply because it did not represent "common understanding" of when a person reaches a given age.

Our conclusion is that the common-law rule is so at odds with common under-

---

1. Under Minn.St. 260.115, the date of the offense governs in determining jurisdiction of the juvenile court. See, *State v. Fleming*, 302 Minn. 61, 223 N.W.2d 397 (1974).

standing that it should be abandoned, at least in determining when a person was under the age at which the district court gains jurisdiction over people charged with committing criminal acts. Construing the Juvenile Court Act liberally and being mindful of the common understanding that a person reaches his next year in age on his birthday, we hold that the district court did not err in dismissing the prosecution of defendant as an adult.

Defendant is not awarded any attorney fees—see Rule 29.03, subd. 2(8), Rules of Criminal Procedure—because his brief was not filed until after the time limit expired.

Affirmed.