484 A.2d 1020

**Gregory PARKER**

v.

**STATE of Maryland.**

**No. 271, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Dec. 10, 1984.

**36**

George E. Burns, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Zvi Greismann, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and James Salkin, Asst. State's Atty., Baltimore, for Baltimore City on brief), for appellee.

Submitted before GILBERT, C.J., and WEANT, and ALPERT, JJ.

WEANT, Judge.

Based on an agreed statement of facts, the Circuit Court for Baltimore convicted the appellant, Gregory Parker, of attempted robbery, Md.Ann.Code, art. 27, § 486 (1982). Both sides agreed that the crime occurred at 9:45 a.m. on 11 March 1983 and that Parker was born at 12:50 p.m. on 11 March 1965. Based on his reasoning that he did not become eighteen years old until the anniversary of the precise hour and moment of his birth, appellant argues that, absent waiver, the circuit court lacked jurisdiction. Md.Cts. & Jud.Proc.Code Ann. § 3–807(a) (1980). *See Franklin v. State*, 264 Md. 62, 285 A.2d 616 (1972). Rejecting this contention, we affirm appellant's conviction.

## I.

Initially we note appellant's Statement of the Case recites that Parker "was charged with attempted *armed* robbery." If this were accurate, we would need to go no further than Md.Cts. & Jud.Proc.Code Ann. § 3–804 which provides:

> (d) The [juvenile] court does not have jurisdiction over: . . .
>
> (4) A child 16 years or older alleged to have committed the crime of robbery with a dangerous or deadly weapon or attempted robbery with a dangerous or deadly weapon, as well as all other charges against the child arising out of the same incident, . . . .

Md.Cts. & Jud.Proc.Code Ann. § 3–804(d)(4) (1980 & Supp. 1982). The charge against appellant, however, was *attempted robbery*. The statement of facts tendered at trial explicitly stated that "[n]o weapon was displayed."

■ Unless jurisdiction has been waived, a person subject to the jurisdiction of the juvenile court may not be prosecuted for a criminal offense committed before he reached eighteen years of age. Md.Cts. & Jud.Proc.Code Ann. § 3–804(a) (1980). A "child" is defined as a person under the age of eighteen. *Id.*, § 3–801(d). The age of the person at the time the alleged delinquent act was committed controls the determination of jurisdiction. *Id.*, § 3–805(a); *In*

*re Davis,* 17 Md.App. 98, 299 A.2d 856 (1973). A child who has reached his eighteenth birthday at the time of the crime may be prosecuted as an adult. *Hughes v. State,* 14 Md. App. 497, 287 A.2d 299, *cert. denied,* 409 U.S. 1025, 93 S.Ct. 467, 34 L.Ed. 317 (1972). Hence, the question posed by appellant in the case *sub judice:* Was he eighteen years old at the time he committed the offense?

In the absence of legislative proscription, common law precepts continue. Md.Decl.Rights, art. 5; *Jackson v. Jackson,* 15 Md.App. 615, 292 A.2d 145 (1972). Harkening back to the English case of *Herbert v. Turball* (1663) 1 Keble 589, 83 Eng.Reprint 1129, 1 Sid. 162, 82 Eng. Reprint 1033, it is well-established that the law will not recognize fractions of a day. It appears that the rationale for this precept is expressed in the words of William Blackstone, Esquire, when he said: "In the space of a day all of the twenty four hours are usually reckoned; the law generally rejecting all fractions of a day, in order to avoid disputes." 2 Bl.Com. 141. *See generally,* Annot. 5 A.L.R.2d 1143 (1949). Although exceptions to this common law principle do occur, *e.g.,* in cases involving priorities of deeds or liens recorded on the same day, such exceptions are not generally applied in criminal proceedings.

Taking a chronological leap forward to this century, our own court systems have recognized the viability of the English rule in situations strikingly similar to that present in the case at bar. In *State v. Brown,* 443 S.W.2d 805 (Mo.1969) *(en banc),* the Supreme Court of Missouri rejected a defendant's claim that the circuit court lacked jurisdiction to convict him. Although appellant admitted that he committed the crime alleged (assault with intent to kill) at approximately 4:30 p.m. on 25 February 1967, he argued that he did not actually become seventeen, and therefore subject to the jurisdiction of the adult court system, until the precise minute of his birth at 6:25 p.m. In support of this argument, the appellant in *Brown* referred to the same case cited by appellant in the case *sub judice, People v. Stevenson,* 17 N.Y.2d 682, 269 N.Y.S.2d 615, 216 N.E.2d 615

(1966). The Missouri Court rejected his position, finding *Stevenson* inapplicable to the facts in their case and holding that Brown was within the jurisdiction of the circuit court. *See Brown v. Baldwin*, 356 F.Supp. 831 (E.D.Mo.1973); *People v. Anderson*, 108 Ill.App.3d 563, 64 Ill.Dec. 136, 439 N.E.2d 65 (1982); *see generally*, Annot. 5 A.L.R.2d at 1145–46, 1148–51, 1154; 5 A.L.R.2d 1143, Later Case Service, at 273. In finding the appellant in the instant case to be eighteen at the time he committed the offense and therefore within the jurisdiction of the circuit court, we adopt the reasoning applied in *Brown, supra.*

Notwithstanding Parker's interpretation of the case, *Stevenson* did not discard the common law prohibition against fractions of days. It did, nonetheless, reject the common law principle that an individual reaches his next year in age at the first moment of the day prior to the anniversary of his birth. *See discussion*, 5 A.L.R.2d at 1144–46. That rule was recognized in the venerable decision, *Nichols v. Ramsel* (1677) 2 Mod. 280, 86 Eng. Reprint 1072. A survey of authorities dealing with the issue indicates, however, that modern courts follow the birth date itself rather than adopt some artificial arrangement precluding that anniversary. *See* Annot. 5 A.L.R.2d at 1153–54 and Later Case Service. *Stevenson* rejected the rule on the basis that it was contrary to the intent of New York's juvenile court act. For cases adopting the *Stevenson* rationale, *see United States v. Tucker*, 407 A.2d 1067 (D.C.App.1979) (citing rehabilitative purpose of juvenile legislation) and *State v. Stangel*, 284 N.W.2d 4 (Minn.1979).

■ Notwithstanding Parker's interpretation of *Stevenson* and its progeny, we need not address the status of the "day before" rule because in this case appellant committed the criminal act *on* his natal day, not the day *preceding* it. *See discussion, People v. Anderson*, 439 N.E.2d at 71–72; *State v. Brown*, 443 S.W.2d at 807. In the case at bar, the appellant was eighteen at the time he committed the offense and therefore within the jurisdiction of the circuit court.

.

## II.

Parker's final assertion is that his jury trial waiver was involuntary. His claim is not supported by the record. Appellant submits that counsel misinformed him regarding the precise role the jury would play in his trial. Specifically, he contends that his attorney's statement that the jury "would be selected by us and would be the judges of the facts that are applicable, and judges of the law as well" was inaccurate.

Initially, we note that, failing any objection at trial, this issue was not preserved for our review. Md.Rule 1085. Moreover, we observe that at numerous points during counsel's explanation of his rights, counsel inquired whether Parker understood those rights; in each instance, appellant answered affirmatively. That information, as administered by counsel, was sufficient. *See Suggs v. State*, 52 Md.App. 287, 290–91, 449 A.2d 424, 425–26 (1982); *see also, Dortch v. State*, 290 Md. 229, 428 A.2d 1220 (1981). In conclusion we remind appellant that the proper forum for challenges that his counsel misstated the law is a post conviction proceeding rather than direct appeal.

*JUDGMENT AFFIRMED.*

*COSTS TO BE PAID BY APPELLANT.*