594 A.2d 293

COMMONWEALTH of Pennsylvania, Appellee,

v.

Frank IAFRATE, Jr., Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided July 9, 1991.

Richard J. Makoul, Allentown, for appellant.

Glennis L. Clark, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

We are called upon here to address a question of first impression, to wit: whether a juvenile, within the meaning of the Juvenile Act,[1] attains a given age on the anniversary of his birthday or on the day before as recognized at common law.

On September 29, 1985, the eve of his eighteenth birthday, appellant Frank Iafrate, Jr. was observed at approximately 8:00 P.M. by a Slatington Borough, Lehigh County, police officer kneeling on the traveled portion of Main Street in Slatington next to a parked car while speaking to a friend. When directed by the officer to move onto the

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 6301 *et seq.*

sidewalk appellant resisted and a scuffle ensued. Eventually, appellant stopped resisting and was placed under arrest.

Appellant was charged with aggravated assault, 18 Pa. C.S. § 2702; simple assault (two counts), 18 Pa.C.S. §§ 2701(a)(1) and (3); resisting arrest, 18 Pa.C.S. § 5104; disorderly conduct, 18 Pa.C.S. § 5503; and summary offenses of obstructing and loitering. A preliminary hearing was held on October 16, 1985, and only the charges of simple assault and disorderly conduct were bound over for trial. An information was filed on November 19, 1985, charging appellant as an adult.

On February 3, 1986, a hearing was held on appellant's motion to quash and transfer the case to juvenile court based on the fact that the incident occurred the night before appellant turned eighteen years of age. The trial court, following the common law rule, denied the motion. A jury trial was held, after which the jury brought back guilty verdicts on one of the counts of simple assault and on the disorderly conduct charge. Following denial of post-trial motions, the court sentenced appellant to eighteen months probation and ordered him to pay a fine of $300.00.

On appeal to Superior Court appellant argued, *inter alia,* that the trial court erred in denying the motion to transfer the case to juvenile court asserting that he was not an adult at the time of the incident. The court, constrained by precedent in this Commonwealth that follows the common law rule that a person reaches a given age on the day preceding his birthday, denied relief and affirmed the trial court's judgment of sentence. We granted appellant's petition for allowance of appeal for the limited purpose of exploring the validity of applying this rule to the provisions of the Juvenile Act.

The genesis of the rule that a person reaches a given age on the day preceding the anniversary of his birth can be traced to seventeenth century England. *See Nichols v. Ramsel,* 86 Eng.Rep. 1072 (K.B.1677); *Herbert v. Turball,* 83 Eng.Rep. 1129 (K.B.1663). *See also* 1 W. Blackstone, Commentaries *463 ("So that full age in male or female is

twenty one years, which age is completed on the day preceding the anniversary of a person's birth ..., who till that time is an infant and so styled in law ..."); *Annot: Inclusion or Exclusion of the Day of Birth in Computing One's Age,* 5 A.L.R.2d 1143 (1949). The rule developed as an exception to the general rule of the common law for computation of time which excluded the first day and included the last ... The exception was a fiction introduced in the law apparently because the common law took no notice of fractions of a day ... This legal fiction therefore was originally established to aid persons who would experience hardship or loss by virtue of the general rule of computation.

*United States v. Tucker,* 407 A.2d 1067, 1070 (App. D.C.1979) (citations omitted).

Since as early as 1908 courts of this Commonwealth have adhered to the aforesaid rule. *Commonwealth v. Howe,* 35 Pa.Super. 554 (1908). *See also In re Stout,* 521 Pa. 571, 559 A.2d 489 (1989); *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976); *Gerson v. Daly,* 337 Pa. 346, 11 A.2d 148 (1940). Other jurisdictions have followed the rule as well. *See, e.g., People v. Anderson,* 108 Ill.App.3d 563, 64 Ill.Dec. 136, 439 N.E.2d 65 (1982); *Edmonds v. State,* 154 Ga.App. 650, 269 S.E.2d 512 (1980); *In re Interest of F.W.,* 130 N.J.Super. 513, 327 A.2d 697 (1974); *State v. Brown,* 443 S.W.2d 805 (Mo.1969).

This appeal raises the issue of whether our acceptance of the common law rule regarding the attainment of age should be applied for purposes of determining juvenile court jurisdiction. For the reasons set forth below, we think it should not control in the juvenile setting.

To begin, one of the stated goals of the Juvenile Act is to provide for the care, protection and wholesome mental and physical development of children coming within the provisions of the statute. 42 Pa.C.S. § 6301(b)(1). *See also Commonwealth v. Davis,* 330 Pa.Super. 551, 479 A.2d 1041 (1984) *aff'd,* 510 Pa. 536, 510 A.2d 722 (1986). Hence, our juvenile justice system is primarily rehabilitative in nature.

Section 6322(a) of the Act provides that "if it appears to the court in a criminal proceeding that the defendant is a child, this chapter [the Juvenile Act] shall immediately become applicable ..." A child, as defined by the statute, is "an individual who is under the age of 18 years." 42 Pa.C.S. § 6302(1). Unfortunately, the statute is silent with respect to the method of computing the age of an individual. Accordingly, it is instructive to refer to the Statutory Construction Act of 1972[2] for guidance.

Here, we find that specific provisions of the Statutory Construction Act are relevant. Initially, we note that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). In ascertaining legislative intent, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage; ..." 1 Pa.C.S. § 1903(a). It is manifestly clear to us that in common usage a person "is under" a certain age until the anniversary date of the person's birthdate. In enacting the Juvenile Act, we can fairly assume that the General Assembly was fully cognizant of this common conception. Moreover, since the Juvenile Act is rehabilitative in nature, an extension rather than a restriction of the protective period of the Act is consistent with the directive that all but certain classes of statutes "shall be liberally construed to effect their objects and to promote justice." 1 Pa.C.S. § 1928(c). Conversely, since the Crimes Code[3] is obviously penal in nature, its application should be strictly construed against the party seeking enforcement and in favor of the defendant. 1 Pa.C.S. § 1928(b)(1). Therefore, we are convinced that the General Assembly did not intend the common law rule, which provides that a person reaches his next year in age the day prior to the anniversary of his birthdate, to apply to the Juvenile Act. We are by no means alone in deciding the issue in this

**2.** Act of December 6, 1972, No. 290, § 3, 1 Pa.C.S. § 1501 *et seq.*

**3.** Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 101 *et seq.*

manner. *See State v. Hansen*, 304 Or. 169, 743 P.2d 157 (1987); *State v. Stangel*, 284 N.W.2d 4 (Minn.1979); *United States v. Tucker*, 407 A.2d 1067 (App.D.C.1979); *People v. Stevenson*, 17 N.Y.2d 682, 269 N.Y.S.2d 458, 216 N.E.2d 615 (1966), *rev'g and adopting dissent in* 23 A.D.2d 472, 262 N.Y.S.2d 238 (1965) (Christ, J., dissenting).

Finally, our decision today is limited to a determination of age under our Juvenile Act. For purposes of the Act, an individual becomes a year older on the day of his birthday and not the day before. We are motivated toward this end since the decision to subject an individual to juvenile or adult court affects not only the length of confinement, but other issues such as use of an adjudication in subsequent proceedings, disqualification for public employment and military service, and loss of civil rights. Naturally, should a juvenile be charged with murder and other non-murder charges arising from the same criminal transaction, he may be tried as an adult in criminal court, and it is within the sound discretion of the trial court to determine if the matter should be transferred to juvenile jurisdiction. *See* 42 Pa. C.S. § 6322 (Transfer from criminal proceedings); *Commonwealth v. Romeri*, 504 Pa. 124, 470 A.2d 498 (1983) *cert. denied*, 466 U.S. 942, 104 S.Ct. 1922, 80 L.Ed.2d 469 (1984); *Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982).

Accordingly, the order of the Superior Court is reversed, and the case is remanded to the Court of Common Pleas of Lehigh County with direction that the matter be transferred to the juvenile division for appropriate proceedings.

PAPADAKOS, J., files a dissenting opinion.

PAPADAKOS, Justice, dissenting.

I am constrained to dissent to the majority's use of statutory construction principles in order to abrogate the common law rule that a person reaches a given age on the day preceding his or her birthdate. *In re Stout*, 521 Pa. 571, 559 A.2d 489 (1989). The Juvenile Act defines a child

as an "individual who is under the age of 18 years." 42 Pa.C.S. § 6302(1). Under the common law rule, the child thus reaches the age of 18 years the day before his or her birthdate.

The majority acknowledges that the statute is silent with respect to the method of computing the age of an individual. Rather than acknowledge the obvious, that the legislature is fully cognizant of the common law method of computing the age of an individual and is content to leave the statute silent in deference to the common law, the majority embarks on an expedition of statutory construction to ascertain the intent of the legislature. 'Me thinks' the majority is tired of the common law and seeks to abrogate it by whim.

Until this Court started tampering with it, the law was well settled that the common law could not be abrogated without an express repeal by the legislature. For various reasons, the majority presumes the intent of the legislature to abrogate the common law as a remedial step to safeguarding criminally inclined children from the wrath of the law as applied to adults.

"A change from the common law cannot be presumed; it must appear to have been meant, or it will be held not to have been made." *Central Lithograph Company v. Eatmor Chocolate Company (No. 1)*, 316 Pa. 300, 175 A. 697 (1934), and cases cited therein.

"... statutes are not presumed to make any alteration in the common law farther or otherwise than the act expressly declares; therefore, in all general matters, the law presumed the act did not intend to make any alteration, for if the legislature had had that design they would have expressed it in the act."

*Locust–Broad (No. 1)—Eighth Subway Case*, 319 Pa. 161, 179 A. 741 (1935). Until today, this was good law. I now cannot vouch for the stability of the common law in this Commonwealth any longer. Therefore, I dissent.