795 A.2d 211

**Shelley MASON**

v.

**BOARD OF EDUCATION OF BALTIMORE COUNTY, et al.**

**No. 412, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

April 1, 2002.

John H. Morris, Jr., Baltimore, for appellant.

Edmund J. O'Meally (Hodes, Ulman, Pessin & Katz, P.A. on the brief), Towson, for appellees.

Argued Before JAMES R. EYLER, SONNER, and RAYMOND G. THIEME (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

■ This case requires us to determine "the date the disability is removed" within the meaning of Maryland Code, Courts and Judicial Proceedings, section 5–201 (1998, 2001 Supp.), which determines when actions are barred by limitations after a minor reaches the age of majority. We shall hold that the disability is removed the day prior to the anniversary of the person's birth, and the limitations period expires the day prior to the anniversary of the person's birth.

On April 4, 2000, appellant, Shelley Mason, filed a complaint in the Circuit Court for Baltimore County against the Board of Education of Baltimore County, Roger Proudfoot, a school principal, and Geri Reed, a school teacher, appellees. Appel-

lant alleged that, in November 1993, while a minor and a student in the Baltimore County public school system, she sustained "emotional injury" as a result of sexual harassment by male students. Appellant alleged that the harassment occurred as a result of negligent supervision by the individual appellees.

The individual appellees filed motions to dismiss for failure to state a claim against them. The motion was granted with leave to amend, and on October 30, 2000, appellant filed an amended complaint.

On November 22, 2000, appellees filed motions for summary judgment on several grounds, one of which was that the action was barred by limitations. In an opinion dated March 28, 2001, the circuit court ruled that the action was barred by limitations because it was originally filed on appellant's 21st birthday-one day too late. It is undisputed that appellant was born on April 4, 1979.

### Discussion

Section 5–201 of the Courts and Judicial Proceedings Article provides, in pertinent part:

(a) Extension of time—When a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 [1] of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.

Article 1, section 24 of the Maryland Code (Age of Majority Act) defines the age of majority and states that "[t]he term 'minor,' as it pertains to legal age and capacity, refers to persons who have not attained the age of eighteen years." Md.Code, art. 1, § 24(b)(2).

Both Maryland Rule 1–203 and section 36 of Article 1 codified the English common law general method of computing

---

1. Subtitle 1 of Title 5 sets forth various statutes of limitation and Subtitle 9 of Title 3 contains the wrongful death statute.

time and provide that when calculating time allowed or prescribed by statute, rule, or court order, "the day of the act, event, or default after which the designated period of time begins to run is not included." Neither provision answers the question of when the disability of infancy is removed, *i.e.*, when a person attains the age of 18.

Under the common law of England there was an exception to the general method of calculating time for purposes of computing an individual's age. The common law rule for computing age, in the words of an annotator, is:

> In the absence of a statutory prescription, common law jurisdictions uniformly compute attained age by including the day of birth with the result that one is deemed in law to have reached a given age at the earliest moment of the day preceding an anniversary of birth. This rule constitutes a thoroughly entrenched exception to the general method of measuring time by excluding one terminal day.

R.F. Martin, *Inclusion or Exclusion of the Day of Birth in Computing One's Age*, 5 A.L.R.2d 1143, 1143 (1949).[2]

In dealing with time, the common law employs a fiction that a day has no fractions, *i.e.*, it is an indivisible point in time. Because, legally, birth occurs at the earliest moment of the day and the day of birth is included in the computation of time, the effect is that legal age is advanced 24 hours. *See id.* and cases collected therein.

The common law of England became the law of Maryland by virtue of Article 5 of the Maryland Declaration of Rights. The common law rule in question, or at least a portion of it, was recognized by the Court of Appeals in *Carolina Freight*

---

**2.** *See, e.g.*, N.J. Marini, *Inclusion or Exclusion of First and Last Day for Purposes of Statute of Limitations*, 20 A.L.R.2d 1249, 1249–51, 1255–56 (1951), and cases collected therein (explaining that generally, in computing time for purposes of limitations, the day upon which the cause of action accrued is excluded; when a statute of limitations is suspended during a period of disability because of infancy, and continues after the period of disability, however, the first day after disability ceases is included in the computation of the period of time in which to bring the action after the disability ceases.)

*Carriers Corp. v. Keane,* 311 Md. 335, 534 A.2d 1337 (1988).[3] In that case, the Court had to interpret the age limitation provision in the wrongful death statute as it then existed.[4] The age limitation provided that solatium damages could be recovered by the parents of a deceased person if the decedent was a child "21 years old or younger." The decedent was 21 years, 7 months, and 28 days old at the time of death. The Court, in considering who was included in the "21 year old" subset, acknowledged the argument that under common law, "one attained a given age at the first moment of the day preceding the anniversary of birth," quoting 86 C.J.S. Time § 8 (1954). The Court reasoned, therefore, if 21 years old meant not having passed the 21st birthday, the subset would include at most a 24–hour time span of people on the eve of their 21st birthday, but might only include a moment's span of people if, when the anniversary of time of birth passed, they were over 21 years old. *See Keane,* 311 Md. at 345, 534 A.2d 1337. The Court decided that the legislature did not intend that result and held that the term "21 years old" "encompasses all those in their twenty-first year from their twenty-first birthday up until the eve of their twenty-second." *Id.* at 346, 534 A.2d 1337.

This Court also acknowledged the common law "day before" rule in *Parker v. State,* 61 Md.App. 35, 484 A.2d 1020 (1984). While not deciding the status of the rule in Maryland, the opinion suggests disapproval of the rule: "A survey of authorities dealing with the issue indicates, however, that modern courts follow the birth date itself rather than adopt some artificial arrangement precluding that anniversary." *Id.* at 39, 484 A.2d 1020. In not addressing the issue, however, we explained that "appellant committed the criminal act *on* his

---

**3.** *See also* 23 Md. Op. Atty. Gen. 211 (1938)(permitting an individual to vote in an election the day before his/her 21st birthday [then the age of majority] based on the common law "day before" rule).

**4.** Md.Code, Courts and Judicial Proceedings, § 3–904(e)(1)(1984, 1987 Supp.).

natal day, not the day *preceding* it." *Parker,* 61 Md.App. at 39, 484 A.2d 1020 (emphasis in original).

The Age of Majority Act, now codified at Md.Code, art. 1 § 24, became effective on July 1, 1973. On January 7, 1974, the then-Attorney General of Maryland, Francis B. Burch, issued a lengthy opinion purporting to "construe its operation and effect generally," and addressing the impact of the change in age of majority on various laws. *See* 59 Md. Op. Atty. Gen. 16 (1974). Nowhere in the opinion, however, is there mention of the exact day on which an individual reaches the next age. While the opinion more than once refers to a person's "eighteenth birthday" as the day that person attains age eighteen,[5] those comments do not reflect a consideration of the issue.

Our search for federal or Maryland statutory or regulatory authorities addressing the computation of age for specific purposes revealed the following. Title 3, Subtitle 8A, Courts and Judicial Proceedings, governs juvenile causes, other than children in need of assistance.[6] Section 3–8A–03 delineates jurisdiction for various proceedings concerning children, and was derived from former section 3–808, which in turn was formerly section 70–2 of Article 26. Section 70–2(d) stated, "[t]he court does not have jurisdiction over: (1)[a] proceeding involving a child who has reached his 14th birthday, ...; (2)[a] proceeding involving a child who has reached his 16th birthday, ...." Art. 26, § 70–2(d) (1973 Repl. vol.).

Section 70–2(d) became section 3–808, Courts and Judicial Proceedings, by virtue of Laws of Maryland, Special Session 1973, chapter 2, which added the Courts and Judicial Proceedings Article to the Maryland Code. *See* Revisor's Note, § 3–808, 1973 Spec. Sess. Md. Laws 145. Section 3–808 stated that a court lacks jurisdiction over "(1) a child 14 years old or

---

**5.** *See* 59 Md. Op. Atty. Gen. at 19, 21, 29, 31 ("Where there is a 'bare' agreement or decree, however, it has been held that the duty of support ceases on the child's eighteenth birthday." *Id.* at 31.).

**6.** Children in need of assistance ("CINA") actions are governed by Subtitle 8 of Title 3, Courts and Judicial Proceedings.

older ...; (2) a child 16 years old or older...." The revisor's note to section 3–808 explains three substantive changes to the provision as a result of the re-codification, none relevant to the issue in the instant appeal, and then states, "[t]he only other changes made are in style." This is the only reference in the Maryland Code that we have been able to find to attained age in terms of one's birthday. We are not prepared to hold that, through the juvenile causes provisions, the legislature evidenced an intent to generally abrogate the common law "day before" rule.

The only Maryland regulation that defines the method by which age is determined concerns eligibility for Medical Assistance [7] benefits. That regulation codifies the common law rule, stating, "[a]n age is reached the day before the anniversary of birth." COMAR 10.09.24.05(C)(3).

A federal regulation governing cash assistance programs to low-income families states,

> Federal determination of whether an individual meets the age requirements of the Social Security Act will be made according to the common-law method (under which a specific age is attained the day before the anniversary of birth), unless the State plan specifies that the popular usage method (under which age is attained on the anniversary of birth), is used.

45 C.F.R. § 233.39(b)(2). The corresponding Maryland regulation merely uses the language "younger than ... years old," leading to the conclusion that Maryland has not chosen to utilize the popular usage method and instead retains the common law method, at least in the context of cash assistance. For other federal regulations similarly defining age, *see* 20

---

**7.** Medical Assistance is the name of Maryland's health care program, which operates, under authority of Title XIX of the Social Security Act, as a counterpart to the federal Medicare and Medicaid programs. *See* 42 C.F.R. § 430.0; 42 C.F.R. § 431.10; Md.Code, Health Gen., § 15–103 (2000, 2001 Supp.).

C.F.R. § 216.2; 20 C.F.R. § 404.2(c)(4); 42 C.F.R. § 407.10(a)(2)(i); 42 C.F.R. § 411.170(c)(1).

The common law is subject to change by act of the General Assembly, or by judicial decision. *See Pope v. State,* 284 Md. 309, 341, 396 A.2d 1054 (1979). The Court of Appeals, in *Pope,* stated: " '[w]hether particular parts of the common law are applicable to our local circumstances and situation, and our general code of laws and jurisprudence, is a question that comes within the province of the courts of justice, and is to be decided by them.' " *Id.* at 341–42, 396 A.2d 1054 (quoting *State v. Buchanan,* 5 H. & J. 317, 365–66 (1821)).[8] While courts in several jurisdictions have utilized this power to eliminate the "day before" rule and replace it with the popular usage method of calculating attained age based on the anniversary of one's birth date,[9] we decline to follow their example.

We are tempted to change the common law rule because of our belief that common everyday usage ties the attainment of a stated age to the anniversary of birth. We have no information in the record, however, to support that belief, most notably, no information to indicate how state and local government agencies operate, on a day-to-day basis, with respect to this issue.

---

**8.** For additional cases addressing the courts' power to change common law rules, *see, e.g., Baltimore Sun Co. v. Mayor and City Council of Baltimore,* 359 Md. 653, 662, 755 A.2d 1130 (2000); *Telnikoff v. Matusevitch,* 347 Md. 561, 593, 702 A.2d 230 (1997); *Owens–Illinois v. Zenobia,* 325 Md. 420, 469–70, 601 A.2d 633 (1992); *Ireland v. State,* 310 Md. 328, 331–32, 529 A.2d 365 (1987)(discussing prior judicial modifications to civil common law and recognizing the court's power to do the same regarding criminal law); *Kelley v. R.G. Industries, Inc.,* 304 Md. 124, 140, 497 A.2d 1143 (1985).

**9.** *See, e.g., Fields v. Fairbanks North Star Borough,* 818 P.2d 658 (Alaska 1991)(rejecting the "day before" rule by stating, "[w]e decline to follow a rule which defies logical explanation and which is utterly inconsistent with popular and legal conceptions of time and birthdate." *Id.* at 661.); *U.S. v. Tucker,* 407 A.2d 1067 (D.C.App.1979); *Velazquez v. Florida,* 648 S.2d 302 (Fla.Dist.App.1995); *Kansas v. Wright,* 24 Kan.App.2d 558, 948 P.2d 677 (1997); *Patterson v. Monmouth Regional High School Board of Education,* 222 N.J.Super. 448, 537 A.2d 696 (App.Div.1987); *Oregon v. Hansen,* 304 Or. 169, 743 P.2d 157 (1987); *Pennsylvania v. Iafrate,* 527 Pa. 497, 594 A.2d 293 (1991).

The Court of Appeals has stated, on several occasions, that long-established common law rules should normally be changed by the legislature because declaration of the state's public policy is normally the function of the legislature. *See Harrison v. Montgomery County Board of Education,* 295 Md. 442, 460–63, 456 A.2d 894 (1983) (refusing to replace contributory negligence with comparative fault). In the absence of Maryland authority to the contrary, we shall follow the common law rule and hold that appellant attained age eighteen, thereby removing the disability of infancy, on April 3, 1997. Under Rule 1–203 and Art. 1, section 36, the three-year statute of limitations on appellant's claim began to run on April 4, 1997 and expired on April 3, 2000. As appellant did not file her complaint until April 4, 2000, we affirm the circuit court's judgment in favor of appellee. If there is to be a change, it is up to the Court of Appeals or the legislature to make it.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**