444 A.2d 101

**COMMONWEALTH of Pennsylvania**

**v.**

**E. Richard MOYER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1981.

Decided April 23, 1982.

644

John J. Thomas, Jonathan Blum, Asst. Public Defenders, for appellant.

Chester B. Muroski, Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

On January 29, 1979, appellant, then seventeen years of age, was arrested and charged in connection with the January 16, 1979 robbery-murder of John Kenvin, who was robbed and beaten to death with a blunt instrument. On April 12, 1979, appellant filed a motion to transfer the case from the Criminal Division of the Court of Common Pleas of Luzerne County to Juvenile Court, pursuant to Section 6322 of the Juvenile Act, 42 Pa.C.S. § 6322.[1] The trial court denied the motion to transfer on May 21, 1979, following a counselled evidentiary hearing. The following day, appellant pleaded guilty to charges of murder of the third degree and robbery. On June 27, 1979, appellant was sentenced to concurrent terms of ten to twenty years imprisonment on each conviction.

In this appeal, appellant contends that the trial court erred in refusing to transfer his case to Juvenile Court.[2] Moreover, appellant argues that the Juvenile Act, 42 Pa.C.S. § 6301 et seq., denies equal protection and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. We find these contentions to be without merit and, therefore, affirm the judgments of sentence.

1. Formerly Section 7 of the Juvenile Act, Act of December 6, 1972, P.L. 1464, 11 P.S. § 50-303.

2. Appellant was born on October 12, 1961. At the time this case was submitted for our consideration, appellant was twenty years of age. The jurisdiction of the Juvenile Court extends until the age of twenty-one. 42 Pa.C.S. § 6302.

 Normally, a plea of guilty constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence and the validity of the plea. *Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979). Appellant was expressly informed at his guilty plea colloquy that he would have the right to appeal the results of his certification hearing. More importantly, this issue of certification is jurisdictional and therefore not waivable. *See Commonwealth v. Pyle*, 462 Pa. 613, 342 A.2d 101 (1975) at footnote four, wherein this Court stated that the entry of a guilty plea in a juvenile setting did not amount to a waiver of the right to challenge the lower court's refusal to certify a case for disposition in Juvenile Court.

Section 6322 of the Juvenile Act provides in pertinent part: "If it appears to the court in a criminal proceeding charging murder, that the defendant is a child, the case may similarly be transferred and the provisions of this chapter applied."

We considered the application of this language in *Commonwealth v. Pyle, id.* wherein we stated:

Murder had always been excluded from the jurisdiction of the juvenile courts.... Having continued to place murder, even where a young offender is involved, within the original and exclusive jurisdiction of the adult court, the assumption that the need for adult discipline and legal restraint exists in cases of this heinous nature also continues. With this in mind it becomes the juvenile's burden to show that he does not belong in the criminal court. In other words, it is the youth who must prove that he belongs in the juvenile setting by showing his *need* and *amenability* to the "program of supervision, care and rehabilitation" which he would receive as a juvenile. In the event the evidence does not affirmatively demonstrate that he is the kind of youth who would benefit from the special features and programs of the juvenile court system and in the event no special reason exists for sparing the youth from adult prosecution and punishment (as for

instance, evidence of mental illness or retardation) juris-
diction would necessarily remain within the criminal court
system.

*Id.*, 462 Pa. at 622–23, 342 A.2d at 106–07 (citations omitted)
(footnotes omitted).

Instantly, appellant contends that he satisfied his burden
of proving that he was amenable to treatment as a juvenile
and, therefore, that the trial court was required to transfer
this case to juvenile court. We disagree.

■■■ "[T]he determination of whether the interests of
state and society require prosecution of murder on an [infor-
mation] is within the *sound discretion* of the Common Pleas
Court. *Id.*, 462 Pa. at 618, 342 A.2d at 104 (emphasis in
original). It is well-established that

[a]n abuse of discretion is not merely an error of judg-
ment, but if in reaching a conclusion the law is overridden
or misapplied, or the judgment exercised is manifestly
unreasonable, or the result of partiality, prejudice, bias or
ill-will as shown by the evidence or the record, discretion
is abused. (Citations omitted.)

*Garrett's Estate*, 335 Pa. 287, 293, 6 A.2d 858, 860 (1939).[3]

■■■ There has been no abuse of discretion in this case.
Appellant simply has failed to prove that he belongs in the
juvenile setting. Appellant's request for transfer was based
almost entirely upon the testimony of appellant's mother,
brother and sister.[4] They testified that appellant had an
excellent high school and work record, that he had no prior
juvenile or adult record, that he cooperated with authorities

---

**3.** The above language from *Garrett's Estate* was quoted with approv-
al by Mr. Chief Justice O'Brien in his opinion in *Commonwealth v.
Wade*, 485 Pa. 453, 402 A.2d 1360 (1979), a case which is factually
similar to the one before us. While *Wade* is not precedential because
it expressed the view of a single justice, it nevertheless contains an
excellent discussion of the issues raised in this appeal.

**4.** A juvenile probation officer was also called to testify on appellant's
behalf. However, this officer had never met appellant and was not
familiar with the case. He testified only as to the type of juvenile
services available to youthful offenders who have committed serious
crimes.

in the prosecution of his case, that he had a "peaceful nature," that family problems existed and that a "possibility" of brain damage existed.[5] In refusing to certify this case to juvenile court, the trial judge noted that appellant and a co-defendant were charged with beating the victim to death with a blunt instrument and robbing him, that the nature of the offense could require lengthy incarceration and that no psychological or psychiatric reasons warranted transferring appellant out of the criminal system.[6]

The trial court's decision to retain jurisdiction over this case was eminently reasonable and will not be disturbed here. There has been absolutely no showing that appellant's need for juvenile care and rehabilitation, given the time limitations applicable to juvenile facilities, outweighed society's interest in adult prosecution and punishment.

■ Appellant also argues that the Juvenile Act denies him due process of law in that it fails to provide adequate standards by which a court is to determine when a juvenile charged with murder is to be transferred to Juvenile Court, and further, that the Act denies equal protection in that it allows the prosecutor too much latitude in determining whether to charge a juvenile with murder or unlawful killing, thus invoking the jurisdiction of either criminal or juvenile court. These arguments are without merit. *See Queenside Hills Co. v. Saxl,* 328 U.S. 80, 84–85, 66 S.Ct. 850, 852, 90 L.Ed. 1096 (1946); *Commonwealth v. Stetler,* 494 Pa. 551, 431 A.2d 992 (1981). *Commonwealth v. Pyle,* 462 Pa. 613, 342 A.2d 101 (1975).

Judgments of sentence affirmed.

**5.** Appellant failed to offer expert testimony or introduce medical records in support of this brain damage claim. The testimony offered was thus speculative, inconclusive and of no probative value.

**6.** The trial court could, if it chose, have accepted appellant's evidence as an establishment of "need and amenability" under the Act. It did not. In short, although appellant may have met his statutory burden of producing evidence, he failed in the concomitant burden of persuading the fact finder.