## Commonwealth v. Poole

*Peter U. Hook, assistant district attorney,* for the Commonwealth.

*Alonzo Burney,* for defendant.

SOLOMON, *J.,* January 11, 1993—Before the court is the petition to transfer to juvenile court filed by the defendant, Terrell Poole.

### STATEMENT OF THE CASE

Donald Matthews was shot in his vehicle near Pershing Court, in Uniontown, Pa., on April 18, 1992, at approximately 8:45 in the evening, and subsequently died as a result of the gunshot wound. On April 19, 1992, the defendant voluntarily appeared at the Uniontown Police station and made a statement in which he admitted that he shot Matthews, but that the shooting was done in self-defense. The defendant, who was nearly 17 on that date, was charged as an adult since the charge was criminal homicide.

After a preliminary hearing, the defendant was held for court on the criminal homicide charge. The defendant then filed this petition under 42 Pa.C.S. §6322, seeking a transfer from criminal court to juvenile court, since, at the time of the slaying, the defendant was 16 years old. A full hearing on the petition was held, at which time the defendant presented evidence in support of his contentions.

## DISCUSSION

In cases charging a juvenile with murder, the criminal division has original and exclusive jurisdiction over the offense. *Commonwealth v. Barber,* 275 Pa. Super. 144, 418 A.2d 653 (1980). However, under 42 Pa.C.S. §6322(a), the court may transfer the action to juvenile court.

The transfer from the criminal court to juvenile court is not a matter of right, *Commonwealth v. Cessna,* 371 Pa. Super. 89, 537 A.2d 834 (1988), and the burden is upon the juvenile to show that he will benefit from the special features and programs of the juvenile court system and of his need of, and amenability to, its programs of rehabilitation, supervision and care. *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981). Absent such evidence, a juvenile charged with murder will be tried as an adult.

The determination of whether a juvenile is amenable to the juvenile system is to be made after careful scrutiny of the individual's personal makeup, previous history, and the nature and circumstances of the alleged homicide. *Commonwealth v. Cessna, supra.* In *Commonwealth v. Pyle,* 462 Pa. 613, 342 A.2d 101 (1975), the Supreme Court of Pennsylvania outlined an evaluation procedure in making this determination, deline-

ating the following criteria that should be considered by a trial court:

"[T]he individual child's personal makeup (e.g. mental capacity and maturity as determined by consideration of his home and school environmental situation, emotional attitude and pattern of living), his previous history (including any previous contact with law enforcement agencies and/or juvenile courts) and the nature and circumstances of the alleged homicide (e.g., inquiry into whether the killing was committed in an aggressive, violent or willful manner, whether the safety of the community requires lengthy incarceration, whether it is more desirable to dispose of the entire offense in one court should the juvenile's associates in the alleged homicide be adults not within the juvenile jurisdiction)." 462 Pa. at 623 n.14, 342 A.2d at 106-07 n.13. Implicit in such a determination is a weighing of the benefits of treatment as a juvenile against the protection of both the public safety and the public interest in restraining the defendant as an adult. *Commonwealth v. Williams,* 514 Pa. 62, 522 A.2d 1058 (1987).

Cases in which children are charged with murder involve competing societal interests. On the one hand, society has an interest in protecting, treating and rehabilitating children who, due to immature judgment, engage in criminal behavior, and thereby, hopefully, reprogramming delinquent youths and turning them into useful, productive, law-abiding members of society. In large measure, the Juvenile Act, designed, in part, to remove from children the consequences of their criminal behavior and substitute therefor specific programs of care, treatment, supervision and rehabilitation, was promulgated to further these societal interests. On the other hand, however, society has an interest in upholding its laws, punishing those who commit murder and de-

terring those with homicidal tendencies. It also has an interest in acknowledging, protecting and upholding the sanctity of human life, and in vindicating the lives of homicide victims. The "adult" criminal system, with its emphasis on fixing criminal culpability and imposing punishment on those who commit crimes, is better equipped to uphold these latter societal interests than the juvenile system, which has replaced the concept of punishment with that of rehabilitation. The determination of the proper forum in which to treat juveniles must, of necessity, be made by balancing these competing societal interests, keeping in mind that where the juvenile has failed to show that his need for juvenile care and rehabilitation outweighs society's interest in adult prosecution and punishment, there can be no transfer to the juvenile court system. *Commonwealth v. Moyer,* 497 Pa. 643, 444 A.2d 101 (1982).

As set forth, *supra,* the law applicable to the transfer of a criminal proceeding in which a juvenile is charged with murder is found in section 6322(a) of the Act. That section states, in pertinent part, that:

"If it appears to the court in a criminal proceeding charging murder that the defendant is a child, the case *may* ... be transferred and the provisions of this chapter applied. In determining whether to transfer a case charging murder, the court shall apply the criteria listed in section 6355(a)(4)(iii)(A).... However, the child shall be required to show the court that the child is amenable to treatment, supervision or rehabilitation as a juvenile by meeting the criteria listed in section 6355(a)(4)(iii)(A)." 42 Pa.C.S. §6355(a). The statutory criteria are as follows:

(1) Age.

(2) Mental capacity.

(3) Maturity.

(4) The degree of criminal sophistication exhibited by the child.

(5) Previous records, if any.

(6) The nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child.

(7) Whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction.

(8) Probation or institutional reports, if any.

(9) The nature and circumstances of the acts for which the transfer is sought.

(10) Any other relevant facts. 42 Pa.C.S. §6355(a)(4)(iii)(A).

With the record made at the hearing held in the matter, and the law set forth above, we turn to the statutory criteria.

*Age, Mental Capacity, Maturity*

At the time of the slaying, the defendant was six days shy of his 17th birthday. No evidence was offered as to the defendant's mental capacity or maturity.

We would note that several months prior to the shooting, the defendant had dropped out of school and was unemployed, after moving out of home and into the home of his grandmother. His lifestyle had assumed features of adulthood, since he was apparently without parental supervision.

As stated above, the defendant offered evidence as to his age, but offered no evidence as to his mental capacity or maturity. The evidence offered (or not offered), as to these three criteria, militate against the transfer to the juvenile court system.

## Degree of Criminal Sophistication and Nature and Circumstances of Crime

On the day of the crime, the defendant and the victim were in an area known for drug activity. According to the defendant, although he did not know the victim, the victim asked him to sell him some drugs. The defendant also stated that when he approached the victim's car, the victim pointed a pistol at him. The defendant then pulled out a .357-caliber Magnum and shot the victim.

Although the defendant later confessed to the shooting, and using a .357 Magnum, the weapon has never been located. The defendant told police authorities that he gave the .357 Magnum to a Jeffrey Thompson, a person from New York, that he did not know well. Like the weapon, a Jeffrey Thompson has never been located. As to whether the victim had a weapon, none of the witnesses at the scene saw one, and none was found in the victims's car by the police officers who arrived at the scene within minutes of the shooting.

It is unclear whether there was any premeditation involved here, but certainly intent can be inferred from the use of a deadly weapon on a vital part of the victim's body. Additionally, the crime occurred at night in an area known for its drug activity. To this we add the degree of criminal sophistication shown by the engineered disappearance of the murder weapon. These factors are unfavorable towards the defendant's request for transfer.

### Previous Record and Prior Delinquent History

The defendant has no previous record or prior delinquent history. These are factors which are favorable to his request for transfer.

## Amenability to Treatment, Supervision or Rehabilitation

The defendant, at the hearing held, failed to offer any evidence to show that he was amenable to treatment, supervision or rehabilitation in the juvenile system. The only evidence offered was that since his incarceration, the defendant has given his life to Jesus Christ, although he did not attend church prior to his incarceration.

The defendant also failed to offer any evidence as to whether he could be rehabilitated prior to the expiration of the juvenile court's jurisdiction. The lack of evidence to indicate that the defendant is amenable to treatment, supervision or rehabilitation in the juvenile system is a factor which is unfavorable to his request for transfer to that system.

## CONCLUSION

If the evidence does not affirmatively establish that the defendant would benefit from the programs for rehabilitation, supervision and care provided by the juvenile court system, and there exists no special reason to spare the defendant from adult prosecution, jurisdiction remains within the criminal court. *Commonwealth v. Waters,* 334 Pa. Super. 513, 483 A.2d 855 (1984); *cert. den.* 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed. 2d 697. Here, the defendant offered no evidence concerning his need for, or amenability to, the supervisory and rehabilitative programs offered by the juvenile courts, and as such, he has failed to meet his burden. Also, other than having no prior delinquent record or history, the defendant has not proven any special reason to spare him from adult prosecution.

Where, as here, there is no assurance that the defendant can be rehabilitated while subject to the ju-

risdiction of the juvenile court, or that he is amenable to juvenile treatment, and the defendant has failed to satisfy the other statutory criteria, a transfer to the juvenile court is not warranted. Accordingly, we must deny the instant petition and enter the following

## ORDER

And now, January 11, 1993, it is ordered and directed that the defendant's petition to transfer to juvenile court be, and the same is, hereby denied.