J-S47042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CRISTIAN EUMANA | |
| Appellant | No. 544 EDA 2014 |

Appeal from the PCRA Order of January 17, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0000707-2012

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:　　　　　　　　**FILED SEPTEMBER 02, 2014**

Cristian Eumana, *pro se*, appeals the January 17, 2014 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq*.  We affirm.

The PCRA court set forth the factual and procedural history of this case as follows:

> On November 26, 2012, [Eumana pleaded] guilty in open court to two counts of third[-]degree murder[1] and one count of conspiracy to commit third[-]degree murder,[2] and was sentenced pursuant to the terms of a [g]uilty [p]lea [c]olloquy signed by [Eumana] and the Commonwealth's attorney, which provided for concurrent sentences on the two counts of murder of [eleven] to [twenty-two] years['] imprisonment[,] and [six] years consecutive probation on the conspiracy conviction.

---

[1]　　18 Pa.C.S. § 2502(c).

[2]　　18 Pa.C.S. § 903(c).

> [Eumana's] plea came following his arrest and prosecution for his participation in the gang-related deaths of two men which occurred in New Garden Township, Chester County on December 3, 2011. [Eumana] was a member of a street gang known as "Sur 13" (Surenos 13), and on that date[,] conspired with eleven other co-defendants to attack members of a rival gang. During the attack, two of the rival gang members were beaten and stabbed to death. As part of the facts to which [Eumana] pleaded guilty, [Eumana] admitted that he was directly and actively involved in the assault leading to the victims' death. [Eumana] was represented by counsel at sentencing, and the undersigned trial judge entered into a full colloquy with [Eumana] at the time of sentencing concerning his understanding of the written plea colloquy, which represents a plea agreement, his acceptance of responsibility under the facts at that time placed on the record, his right to trial by jury, the sentences to be imposed under the terms of the agreement, his knowing and voluntary acceptance of the terms of his guilty pleas, and other relevant areas of inquiry as evidenced by the [twenty-seven] page [s]entencing transcript.

PCRA Court Opinion ("P.C.O."), 3/21/2014, at 2-4 (citation omitted). Eumana entered into a guilty plea with a negotiated sentence on November 26, 2012. Eumana did not file a direct appeal.

On August 9, 2013, Eumana filed a *pro se* PCRA petition and an accompanying "legal point brief" in which Eumana argued that his trial attorney should have petitioned the sentencing judge to consider alternatives available to offenders with non-violent crimes at sentencing. Additionally, Eumana emphasized that he did not wish to withdraw his guilty plea. On August 15, 2013, the PCRA court appointed counsel to represent Eumana on his PCRA petition, however, on October 9, 2013, PCRA counsel filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213

(Pa. Super. 1988). On October 25, 2013, the PCRA court filed a notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, because it believed that further proceedings would serve no legitimate purpose. Eumana did not file a response to this notice of intent to dismiss, nor did he file a response to PCRA counsel's motion to withdraw. On January 17, 2014, the PCRA court dismissed the petition and granted PCRA counsel's motion to withdraw. On February 12, 2014, Eumana filed a notice of appeal and, on March 21, 2014, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).[3]

Eumana raises the following issue for our review:

Was [Eumana] denied his constitutional right to appeal when [plea] counsel failed to file a requested appeal on his behalf?

Brief for Eumana at 7. In relevant part, Eumana asserts that his plea counsel should be deemed ineffective for failing to file a motion for modification of sentence. *See id.* at 9 ("As counsel failed to file the requested Motion for Modification of Sentence, he rendered ineffective assistance of counsel which resulted in the procedural default of the right to appeal, necessitating a remand to the lower court for further argument on this issue.") Eumana essentially argues that he should have been permitted

_____

[3] The PCRA court did not direct Eumana to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). P.C.O. at 2. Consequently, Eumana did not file a Rule 1925(b) statement.

to appeal the discretionary aspects of his negotiated sentence, and that plea counsel was ineffective for failing to file such an appeal. We disagree.

Our standard of review in this context is axiomatic:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012) (quoting ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012); internal citations omitted)).

Eumana asserts that his plea counsel was ineffective for failing to file a motion for the modification of his sentence, following Eumana's negotiated guilty plea. Specifically, Eumana argues that the sentencing court should have considered additional factors when imposing sentence such as the fact that Eumana has never been afforded the opportunity to participate in substance abuse treatment or psychiatric counseling. We disagree.

"It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the *legality* of sentence, and the validity of the guilty plea." ***Commonwealth v. Dalberto***, 648 A.2d 16, 18 (Pa. Super. 1994) (citing

- 4 -

***Commonwealth v. Moyer***, 444 A.2d 101, 102 (Pa. 1982)) (emphasis in original). "In the interest of understanding the consequences of the plea bargaining process, there must be a clear distinction made between an 'open plea' and a 'negotiated plea.'" ***Id.*** at 19. "For a defendant challenging the discretionary aspects of his or her sentence after entering a guilty plea, this distinction is crucial in determining whether or not an appeal from such a sentence will stand." ***Id.*** "Where the plea agreement contains a *negotiated sentence* which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." ***Id.*** at 20 (citing ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991) (emphasis in original); ***see Commonwealth v. Baney***, 860 A.2d 127, 131 (Pa. Super. 2004) (same).

Instantly, the only basis upon which Eumana alleges that plea counsel was ineffective was an alleged failure to file an appeal of the discretionary aspects of Eumana's sentence. Pennsylvania law indicates that Eumana was not permitted to appeal the discretionary aspects of his sentence following a negotiated guilty plea. ***Baney***; ***Dalberto***; ***Reichle***, *supra*. It is well-settled that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006). Thus, it was not an abuse of discretion for the PCRA court to dismiss Eumana's PCRA petition where Eumana was legally estopped from challenging the discretionary aspects of his sentence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/2/2014