J-S47045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROMEY CARRILLO, | : | |
| | : | |
| Appellant | : | No. 725 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 11, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004957-2018

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:   **FILED: OCTOBER 16, 2019**

  Jeromey Carrillo ("Carrillo") appeals from the judgment of sentence entered following his negotiated guilty plea to persons not to possess, use, manufacture, control, sell or transfer firearms ("persons not to possess").[1] Catherine J. Nadirov, Esquire, counsel for Carrillo ("Counsel"), has filed a Petition to Withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant Counsel's Petition to Withdraw, and affirm Carrillo's judgment of sentence.

  On October 25, 2018, Carrillo was arrested following a search of his residence, during which a handgun was found in his bedroom. Carrillo was on probation for an unrelated offense at the time. On April 11, 2019, Carrillo

_____

[1] ***See*** 18 Pa.C.S.A. § 6105.

entered a guilty plea to one count of persons not to possess. On the same day, the trial court sentenced Carrillo to a prison term of 30 to 120 months. On April 30, 2019, Carrillo timely filed a Notice of Appeal to this Court. The trial court subsequently entered an Order directing Carrillo to file a Pa.R.A.P. 1925(b) concise statement.[2] In response, Counsel filed a Statement indicating her intention to file an **Anders** brief in lieu of filing a concise statement. On May 23, 2019, the trial court filed a Statement in Lieu of Opinion requesting that Carrillo's appeal be denied because no meritorious issues exist for direct appeal.

In the **Anders** Brief, Counsel presents the following issues for our review:

> 1. Did the trial court err in denying the post sentence motion to withdraw the guilty plea, when a **Gagnon II**[3] hearing had not been scheduled?
>
> 2. Was trial counsel ineffective at the guilty plea and sentencing hearing[,] and by failing to file post sentence motions?

---

[2] On May 21, 2019, Carrillo filed a *pro se* "Ordered Statement" arguing that, though he is not retracting his guilty plea, his sentence should be modified. On May 23, 2019, the trial court entered an Order dismissing Carrillo's "Ordered Statement" on the basis that he was already represented by Counsel.

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973) ("**Gagnon II**").

*Anders* Brief at 4.[4]

We may not address the merits of the issues Carrillo raises on appeal without first reviewing Counsel's request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005).

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must[] (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to [her] client. Attending the brief must be a letter that advises the client of his right to[] "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014) (paragraph breaks omitted). Substantial compliance with the *Anders*

---

[4] We observe that Counsel does not address his first claim in the Argument section of the *Anders* Brief. *See* Pa.R.A.P. 2119(a) (detailing the requirements for the Argument section of an appellate brief). Accordingly, this claim is waived. Nevertheless, we note that the instant appeal does not lie from a revocation of Carrillo's probation, but, rather, from a separate, unrelated criminal offense.

requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007). After determining that Counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Counsel's Petition to Withdraw states that she has reviewed the record and concluded that the appeal is frivolous. Additionally, Counsel notified Carrillo, via letter dated June 19, 2019, that she was seeking permission to withdraw, furnished Carrillo with copies of the Petition to Withdraw and ***Anders*** brief, and advised Carrillo of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Further, Counsel's brief substantially complies with the technical dictates in ***Santiago***. Accordingly, we next must conduct a review of the issues raised by Carrillo, and of the record, to ensure that no issues of arguable merit have been missed or misstated. ***See Dempster***, 187 A.3d at 272.

Carrillo claims that the trial court improperly sentenced him following his guilty plea. ***Anders*** Brief at 7. Alternatively, Carrillo argues that his guilty plea should be withdrawn because his prior record score was incorrect; he did not undergo a revocation hearing pursuant to ***Gagnon II***; and he was given

an unreasonably high tail on his 120 month maximum sentence.  ***Anders*** Brief at 7.[5]

Generally, a guilty plea amounts to a waiver of all defects and defenses except those concerning jurisdiction of court, legality of sentence, and validity of a guilty plea.  ***Commonwealth v. Moyer***, 444 A.2d 101, 102 (Pa. 1982).  A trial court's decision to accept a guilty plea should not be upset absent an abuse of discretion.  ***Commonwealth v. Prysock***, 972 A.2d 539, 541 (Pa. Super. 2009).  An abuse of discretion exists when a defendant shows any fair and just reason for withdrawing the plea, absent substantial prejudice to the Commonwealth.  ***Commonwealth v. Anthony***, 475 A.2d 1303, 1308 (Pa. 1984).  A defendant may only withdraw his guilty plea where necessary to correct "manifest injustice," defined as a plea that is not tendered knowingly, intelligently, voluntarily, and understandingly.  ***Commonwealth v. Hart***, 174 A.3d 660, 664-65 (Pa. Super. 2017).  The defendant bears the burden of proving otherwise.  ***Id.*** at 665.

Pursuant to a plea agreement, Carrillo was sentenced to a term of 30 to 120 months (two and a half to ten years) in prison for the crime of persons

_____

[5] Although the Statement of Questions Involved characterizes this claim as a challenge to plea counsel's effectiveness, the Argument section does not include a discussion of the law relevant to such challenge.  ***See*** Pa.R.A.P. 2116(a) (detailing the requirements for the Statement of Questions Involved section of an appellate brief).  Additionally, ineffectiveness claims generally may not be raised until collateral review.  ***See Commonwealth v. Moore***, 978 A.2d 988, 993 (Pa. 2009).

not to possess. Carrillo does not challenge the trial court's jurisdiction. Because Carrillo was disqualified from possessing a firearm due to a prior conviction, the offense was properly graded as a felony of the second degree, which carried a maximum permissible sentence of ten years in prison.[6] As a result, the trial court's imposed sentence fell within the statutory guidelines and Carrillo's claim of an illegal sentence fails.

Carrillo was informed at the time of his sentencing that he retained the right to challenge the validity of his plea, the effectiveness of his counsel, the trial court's jurisdiction, and the sentence imposed upon him. **See** N.T., 4/11/19, at 3. The record plainly shows that Carrillo knowingly, intentionally, and voluntarily entered his guilty plea; the prosecution fully complied with the terms of the plea agreement; and the trial court's sentence of 30 to 120 months in prison was in accordance with the agreement. **See id.**; **see also** Written Guilty Plea Colloquy, 4/11/19. We also note that the sentence Carrillo received was on the low end of the standard range. Moreover, to the extent that Carrillo challenges the discretionary aspects of his sentence, "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008). Thus, we do not find any abuse of discretion by the trial court.

---

[6] 18 Pa.C.S.A. § 1103(2).

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. As such, we grant Counsel's Petition to Withdraw, and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2019