J-S26013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUISA ALEXANDRIA REYES | : | |
| | : | |
| Appellant | : | No. 1233 MDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004050-2018

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　**FILED DECEMBER 16, 2025**

Louisa Alexandria Reyes appeals from the order, entered in the Court of Common Pleas of Luzerne County, dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

We have previously summarized the factual background of Reyes' case as follows:

> Reyes was charged with second-degree murder, burglary, robbery, theft by unlawful taking, arson, abuse of corpse, and criminal conspiracy.  The charges stemmed from the September 2018 death of Fred Boote (victim) in his Wilkes-Barre residence.  The victim was stabbed over 50 times and his lifeless body set on fire.
>
> Reyes was fourteen years old at the time of the murder and was certified to be tried as an adult.  Reyes committed the crime with her co-defendant, Reynaldo Mercado, with whom Reyes was in a

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

sexual relationship and who was more than seventeen years her senior.

. . .

On November 16, 2018, Reyes filed a decertification motion to have her case transferred to juvenile court. On February 21, 2020, the court held a seven-hour decertification hearing, during which four witnesses testified on behalf of Reyes and three Commonwealth witnesses testified.

. . .

On March 2, 2020, the court denied Reyes' motion to decertify, issuing findings of fact and conclusions of law after "thoroughly review[ing] the possibility of [Reyes'] rehabilitation." Subsequently, Reyes [entered an open] guilty [plea] to second-degree murder of the victim during the commission of a burglary. In exchange, the Commonwealth agreed to withdraw all other charges. Reyes also agreed to testify against Mercado, who was ultimately convicted of first-degree murder.

*Commonwealth v. Reyes*, 277 A.3d 1135, *1-3 (Pa. Super. 2022) (Table) (citation omitted). On November 19, 2020, the trial court sentenced Reyes to a term of imprisonment of 40 years to life.

The plea that Reyes and the Commonwealth entered was not the only deal the Commonwealth offered her. The Commonwealth had also offered Reyes a deal to plead guilty to one count of criminal homicide, second-degree murder, along with a sentencing recommendation of 25 to 60 years' imprisonment if Reyes waived her appellate rights. *See* N.T. Guilty Plea Hearing, 9/10/20, at 5. Based on the advice of plea counsel, Frank McCabe, Esquire, Reyes rejected that offer to preserve her appellate rights, particularly to appeal from the denial of her decertification motion. *Id.* at 10-12. Ultimately, she entered into the aforementioned open plea with the Commonwealth. *Id.* at 5.

Reyes filed a PCRA petition on May 5, 2023, alleging, *inter alia*, ineffective assistance of counsel due to Attorney McCabe advising her to reject the other plea deal in order to preserve her appellate rights. The PCRA court[2] held a hearing on June 4, 2024, at which Reyes and Attorney McCabe both testified. Reyes testified that she rejected the Commonwealth's 25-to-60-year plea offer to preserve her appellate rights. **See** PCRA Hearing, 6/4/24, at 77. Attorney McCabe reiterated that he advised Reyes to reject the other plea offer to preserve her appellate rights, particularly her right to appeal from the decertification order. **Id.** at 53-54. Attorney McCabe admitted that, prior to advising Reyes, he did not research whether an individual could waive their right to appeal from a decertification order. **Id.** at 54. Further, Attorney McCabe testified that, had Reyes accepted the initial plea offer, he would have expected the trial court to accept the Commonwealth's recommendation and sentence Reyes to 25 to 60 years' incarceration. **Id.** at 12.

The PCRA court dismissed Reyes' petition on August 2, 2024. Both Reyes and the PCRA court have complied with Pa.R.A.P. 1925. Reyes raises the following question for our review: "Did the PCRA [c]ourt err in concluding that Reyes did not suffer prejudice by entering an involuntary guilty plea?" Appellant's Brief, at 4.

---

[2] The same Court of Common Pleas of Luzerne County judge presided over the trial and PCRA proceedings. As such, we will use "trial court" and "PCRA court" interchangeably.

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (citation omitted). We review the PCRA court's legal conclusions de novo. **Commonwealth v. Rizor**, 304 A.3d 1034, 1051 (Pa. 2023). To succeed on a PCRA claim, an appellant must establish, by a preponderance of the evidence, that her conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.A. § 9543(a)(2), which includes ineffective assistance of counsel. **See id.** at § 9543(a)(2)(ii).

Reyes avers that her guilty plea was not entered knowingly, intelligently, and voluntarily because she "entered it with the mistaken belief that it was the only way to plead guilty while preserving her right to appeal the [t]rial [c]ourt's decertification order." Appellant's Brief, at 15. According to Reyes, the plea negotiations were "driven by a misunderstanding of the law" because Attorney McCabe advised her to reject the other plea offer based on the mistaken belief that Reyes could waive her right to appeal from the decertification order. **Id.** at 15-16. Reyes maintains that she thought it worthwhile to maintain this right because "[s]he was advised by [trial] [c]ounsel that she had a 50/50 chance [when] challeng[ing] her decertification ruling on appeal[.]" **Id.** at 17.

Additionally, Reyes claims that, because of counsel's mistaken belief, trial counsel provided ineffective assistance by advising her to reject the plea offer to preserve what she now understands to be an unwaivable jurisdictional

issue. *Id.* at 16. This resulted in her entering into the open plea agreement and receiving a sentence fifteen years longer than the initial sentence offered. *Id.* at 17.

Further, although Reyes argues that there was an illegal term in the initial plea agreement, she also claims that there is "nothing in the record to support the conclusion that the [t]rial [c]ourt would not have accepted the original plea[.]" *Id.* Reyes points out that the trial court only asserted that the original plea agreement would not have been accepted in its opinion in support of its order denying Reyes' PCRA petition. *Id.* at 19. That assertion, Reyes avers, is not part of the PCRA record and, therefore, is insufficient for the PCRA court to base its order on. *Id.*

Reyes requests that this Court remedy the identified errors by reversing the PCRA court's order and remanding the case to the PCRA court with instructions to resentence her in accordance with the terms of the original plea agreement. *Id.* at 20 (citing **Commonwealth v. Steckley**, 128 A.3d 826, 837-38 (Pa. Super. 2015)).

In response, the Commonwealth argues that Reyes has failed to establish the required prongs of an ineffectiveness claim under the PCRA. **See** Commonwealth's Brief, at 11. The Commonwealth posits that Reyes fails to establish the first prong of an ineffectiveness claim—that the underlying claim has arguable merit—because she cannot establish that her right to appeal from the forthcoming decertification order was unwaivable. *Id.* at 12-13. The Commonwealth avers that Reyes would have to establish that the "waiver

- 5 -

term was clearly, indisputably illegal, such that no reasonable defense attorney could have thought otherwise." *Id.* at 13.

Even if she were to establish that the waiver term was illegal, then, the Commonwealth suggests, she would fail the third prong of her claim, which requires her to establish that she suffered prejudice as a result of her counsel's error(s). *Id.* According to the Commonwealth, Reyes cannot establish that she suffered prejudice because the initial plea deal she was offered contained an illegal term. The Commonwealth submits that if the waiver term was illegal, the trial court would have rejected the plea, and, additionally, had the Commonwealth known the waiver term was illegal, it never would have offered the lesser sentence. *Id.* at 14. Because the 25-to-60-year sentence would have been off the table, the Commonwealth claims Reyes would have ended up in the same position—choosing between the open plea or trial—and, thus, cannot establish prejudice. *Id.* at 14-15.

When reviewing a claim of ineffective counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Fears*, 86 A.3d at 804. To prevail on an ineffectiveness claim, an appellant must establish that:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citations omitted). Failure to prove any prong of the test will defeat an ineffectiveness claim, and counsel cannot be deemed ineffective for failing to raise a meritless claim. *Id.*

In the context of a plea offer rejected by a defendant, to show the requisite prejudice, the defendant "must show the outcome of the plea process would have been different with competent advice." *Rizor*, 304 A.3d at 1054 (citing *Lafler v. Cooper*, 556 U.S. 156, 163 (2012)). In particular, to establish prejudice here, Reyes must establish that "but for the advice of trial counsel, there is a reasonable probability that she would have accepted the [original] plea and that the prosecution would not have withdrawn it in light of intervening circumstances." *Rizor*, 304 A.3d at 1057. This is not analyzed under an "objective reasonable person standard[; i]nstead, reviewing courts are to look to the specific facts and circumstances of the defendant." *Id.* at 1059 (citing *Lafler*, 566 U.S. at 164).

The PCRA court held that Reyes cannot show she suffered prejudice because, if the court had been presented with the initial plea agreement, it would not have accepted it. *See* PCRA Court Opinion, 8/2/24, at 8 (unpaginated). The PCRA court stated that it "was not legally possible to fulfill since the agreement contained an unenforceable provision[,] which was the waiver of [Reyes'] right to appeal the decertification order." *Id.* Therefore, the PCRA court suggests, the outcome would not have been different because the initial plea agreement would not have been effectuated, which means that Reyes did not suffer any prejudice. *Id.*

Turning to the requisite elements to establish a claim for ineffective assistance of counsel, we agree with Reyes and the PCRA court that Attorney McCabe provided incorrect advice regarding the waiver term in the initial plea agreement. It is well-settled that "the decision to transfer a case between the juvenile and criminal divisions is jurisdictional." *Commonwealth v. Johnson*, 669 A.2d 315, 320 (Pa. 1995) (citing *Commonwealth v. Moyer*, 444 A.2d 101, 102 (Pa. 1982)). As the issue is jurisdictional, it was non-waivable, and Attorney McCabe's advice was erroneous. *See Commonwealth v. Sanders*, 814 A.2d 1248, 1250 (Pa. Super. 2003); *see also Commonwealth v. Pammer*, 270 A.3d 512, 520 (Pa. Super. 2022) (axiomatic that issues affecting subject matter jurisdiction cannot be waived).

Nevertheless, even if plea counsel's advice was erroneous, we agree with the Commonwealth and PCRA court that Reyes has failed to show how the incorrect advice prejudiced her. To show prejudice, Reyes must establish "a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct." *Commonwealth v. Thomas*, 323 A.3d 611, 621 (Pa. 2024) (citing *Commonwealth v. Dowling*, 316 A.3d 32, 40 (Pa. 2024)). Reyes claims that, had she known her right to appeal from the decertification order was not waivable, she would have accepted the initial plea offer, including the unenforceable waiver term, and faced a lesser sentence.

In **Rizor**, our Supreme Court explained that, to show prejudice, a petitioner claiming ineffective advice led to the rejection of a plea offer must show that

> there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), **that the court would have accepted its terms**, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

**Rizor**, 304 A.3d at 1054 (quoting **Lafler**, 566 U.S. at 163-64) (emphasis added).  Reyes cannot make this showing because, to the extent that applying **Lafler** requires "some degree of crystal ball gazing," we will not assume that the trial court would have accepted a plea agreement containing an unenforceable term.  **Rizor**, 304 A.3d at 1059.  The court stated explicitly in its PCRA opinion that "had the plea agreement been presented to this [c]ourt, it would not have been accepted [because i]t was not legally possible to fulfill since the agreement contained an unenforceable [waiver] provision[.]"  PCRA Court Opinion, 8/2/24, at 8 (unpaginated).  Therefore, Reyes cannot show a reasonable probability that the original plea would have been accepted by the trial court and, thus, cannot show prejudice resulting from Attorney McCabe's error.[3]  Accordingly, Reyes' ineffectiveness claims fail.

---

[3] Reyes posits that **Commonwealth v. Chazin**, 873 A.2d 732 (Pa. Super. 2005), requires us to credit Attorney McCabe's PCRA hearing testimony that he believed the trial court would have accepted the plea agreement notwithstanding the illegal term.  **See** Appellant's Brief, at 19-20.  This
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2025

_____

reliance on **_Chazin_** is misplaced. In **_Chazin_**, the defendant's counsel testified at the PCRA hearing that that the trial court judge stated at sidebar that he would not have accepted a proposed plea agreement even if it had not been revoked by the Commonwealth. **_Id._** at 737. This Court relied, in part, on that testimony to find that the appellant was unable to establish the prejudice prong of their ineffective assistance of counsel claim. **_Id._** at 737-38. Reyes maintains **_Chazin_** means that, here, we must accept Attorney McCabe having testified that he believed the trial court would have accepted the initial plea as sufficient evidence to find prejudice. We disagree. **_Chazin_** is distinguishable in at least two material ways: first, the plea agreement in **_Chazin_** did not contain an illegal term, which provides an independent and sufficient ground for us to find that the trial court here would likely have rejected the plea agreement. Second, the evidence relied upon in **_Chazin_** was an alleged explicit statement by the trial court judge, whereas here, the evidence Reyes asks us to rely upon is Attorney McCabe's speculation. Under the circumstances, this Court does not consider Attorney McCabe's belief as to how the trial court would have acted to be as compelling as a trial court judge's own after-the-fact statement of intent. Therefore, Reyes' reliance on **_Chazin_** is meritless.

- 10 -