J-S20020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLTON RAYE BELL, JR. | : | |
| | : | |
| Appellant | : | No. 317 EDA 2023 |

Appeal from the PCRA Order Entered January 23, 2023,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0000483-2020.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                      **FILED JULY 17, 2023**

Carlton Raye Bell, Jr., appeals from the order denying without a hearing his first timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On April 1, 2021, Bell entered a negotiated guilty plea to the crimes of involuntary deviate sexual intercourse and sexual abuse of children.  Bell agreed to the following factual basis:

> In December of 2019, Chester County police received information that a 14-year-old boy was having a sexual relationship with a 27-year-old male.  On December 30th of 2019, Detective Joseph Walton from the Chester County Detectives Office interviewed the victim, who at the time was a 14-year-old male.
>
> He told the detective that he presented himself on the Internet as a 15-year-old, and he was - - he was in contact with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Bell], when [Bell] was 27 years old. The two had multiple conversations. They exchanged naked pictures of one another, and they made plans to meet.

[Bell] then came driving his Jeep Wrangler to the [victim's] home which was at the time in East Caln Township, Chester County, Pennsylvania. [Bell] picked up the victim and took the victim to [Bell's] home in Pottstown. The two were there and made arrangements to have sexual intercourse. The Commonwealth would note that the age of consent in Pennsylvania is 16 years of age, and the victim at the time was 14.

The victim made comments about being nervous, and [Bell] said that he was nervous, as well, because he could go to jail for that they were prepared to do. The victim and [Bell] then proceeded to engage in oral and anal sex in [Bell's] bedroom. [Bell] then brought the victim back to his home in East Caln Township, Chester County. This took place in 2019, the month of September.

Later in January 2020, January 17th of 2020, the two then made arrangements to have sexual relations once again. The plan was for [Bell] to pick up the victim at the victim's home, again, [in] East Caln Township, Chester County. When [Bell] drove his Jeep Wrangler to the victim's home, he was intercepted by police who arrested him[.]

After subsequent search warrants were executed, Chester County Detectives found images of children less than 18 years old having sexual contact, engaging in sexual acts. Those images were on [Bell's] electronic devices in his possession, and they were for his sexual gratification.

N.T. 4/1/21, at 3-4. On July 9, 2022, Bell was sentenced, according to the plea agreement, to an aggregate term of ten to twenty years of imprisonment. He was determined not to be a sexually violent predator. Bell filed neither a post-sentence motion nor a direct appeal.

On August 8, 2022, Bell filed a counseled PCRA petition. In this petition, Bell raised five distinct claims of ineffective assistance in connection with the

entry of his guilty plea. The Commonwealth filed an answer to the PCRA petition on September 23, 2022. On December 21, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Bell's petition without a hearing. Bell filed a response. By order entered January 23, 2023, the PCRA court denied Bell's petition. This timely appeal followed. Both Bell and the PCRA court have complied with Pa.R.A.P. 1925.

Bell raises the following issue on appeal:

1. Did the PCRA court err by dismissing Bell's petition without a hearing as there was a material issue of fact as to whether or not Bell's guilty-plea counsel competently advised Bell of any possible defenses to the charges, the prosecution's standard of proof and the presumption of innocence before making a decision, thereby inducing Bell to plead guilty involuntarily and unknowingly in this case?

Bell's Brief at 2.

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing ***Commonwealth v. Barndt***, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [***See*** Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that

- 3 -

he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).  Regarding a claim that counsel was ineffective:

> It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction.  ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987).  If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails.  ***Commonwealth v. Brown***, 196 A.3d 130, 150–51 (Pa. 2018).

***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation formatting altered).

With respect to claims that plea counsel was ineffective:

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review.  Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> > The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

> *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*)[.]

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012–13 (Pa. Super. 2016) (some citations omitted). Notably, a PCRA petitioner cannot assert grounds for withdrawing a guilty plea that contradict his statements made under oath in a guilty plea colloquy. *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (citing *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007)).

Here, Bell asks this Court to remand the case "so that he and his [plea] counsel may testify at an evidentiary hearing in order to resolve the material issue of fact concerning whether or not incompetent advice induced his guilty plea[.]" Bell's Brief at 3. He asserts that, had he been given competent advice regarding the areas enumerated in his issue, "he very likely would have elected to proceed to a jury trial." *Id.* at 3-4. According to Bell, "it was an abuse of discretion and a legal error for the PCRA court to dismiss without an evidentiary hearing, as the record does not support its conclusions of fact and law." *Id.* at 4. We disagree.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath

and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Here, the PCRA court found no merit to Bell's claim. The PCRA court first noted that Bell's claims of inadequate advice were presented in a boilerplate fashion, with no argument or supporting evidence presented in the petition. The court further explained:

> Regardless of their lack of specificity, these assertions are belied by [Bell's] oral and written statements made at the time he entered his guilty plea. Prior to the plea, [Bell] completed and signed the written guilty plea colloquy form – which sets forth in detail some of the very rights [Bell] asserts were not explained to him, including the standard of proof at trial and the cross-examination of witnesses. Crucially, the following language appears on Page 9 of the colloquy:
>
>> 39. I have had enough time to discuss these charges with my lawyer, and I am satisfied with the advice that [s]he had given to me, and with [her] representation of me before this [c]ourt.
>
> [Bell] placed his initials next to this paragraph, indicating his assent thereto.
>
> ***
>
> Likewise, at the time he entered his plea, [the court] asked the following questions to [Bell]:
>
>> THE COURT: Have you had sufficient time to discuss your case including the facts, the law, and any possible defenses with your attorney?
>>
>> [BELL]: Yes, Your Honor.

- 6 -

THE COURT: Are your satisfied with her advice and representation?

[BELL]: Yes, Your Honor.

THE COURT: I have here before me a written guilty plea colloquy. Did you read that, or did someone read it to you?

[BELL]: I read it, Your Honor.

THE COURT: And do you have any questions about anything contained in it?

[BELL]: No, Your Honor.

THE COURT: Where it says defendant, is that your signature?

[BELL]: Yes, Your Honor.

(N.T. 4/1/21, p.7).

[Bell's] claims in this PCRA petition are clearly contradicted by the answers given by [Bell] at the guilty plea hearing. He reviewed and signed the written guilty plea[.] He then completed an oral colloquy conducted by [the court] on the record[.] When asked if he had enough time to review the case with his attorney and if he was satisfied with her advice and presentation, [Bell] explicitly answered "yes." Entertaining [Bell's] claims would, in effect, render this entire colloquy process meaningless. He cannot now be permitted to assert that he was unsatisfied with the representation of his attorney, or that he was not informed of certain rights, when he specifically informed the court otherwise at the time he entered his plea.

Rule 907 Notice, 12/21/22, unnumbered 2 n.1

Our review of the record supports this conclusion. A PCRA petitioner claiming he received the ineffective assistance of counsel must allege sufficient facts from which a court can determine counsel's effectiveness. Pa.R.Crim.P. 902(A)(12); *see Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981) (stating that a defendant may not argue ineffectiveness in

vacuum); *see also Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition").

Here, the only factual issues presented were created by Bell's self-serving statements within his PCRA petition when compared to his answers in the written and oral plea colloquies. Moreover, Bell's claim that his case is similar to *Commonwealth v. Moyer*, 478 A.2d 469 (Pa. Super. 1984), in which this Court remanded for an evidentiary hearing, is unavailing. In *Moyer*, this Court concluded that "[o]n the state of the record, we cannot determine what occurred between defense counsel and appellant prior to the entry of the plea of guilty." *Moyer*, 478 A.2d at 471. Here, Bell's answers in both his oral and written colloquies clearly establish on the record what occurred between Bell and his plea counsel.

Finally, Bell contends that "[t]his Court should hold that solely relying upon the written colloquy in refuting claims that a guilty plea is involuntary or unknowing should not be sufficient in a case like" his. Bell's Brief at 12. This argument ignores the fact that Bell adopted the statements from his written colloquy during his oral colloquy with the court.

In sum, given the totality of circumstances surrounding the entry of his guilty plea, *Yeomans*, *supra*, the PCRA court correctly determined that Bell's

ineffectiveness claim lacked merit, and that an evidentiary hearing was not warranted. We therefore affirm the order denying Bell post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2023